**In re Kerry Dale HOUCHENS & Janel Ingoglia Houchens, Debtors.**

**Bankruptcy No. 87–00188.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

April 26, 1988.

Valerie J. Hall, Gainesville, Fla., for debtors.

Karen K. Specie, Gainesville, Fla., for defendant.

J. Michael Davis, Gainesville, Fla., Trustee.

### MEMORANDUM OPINION

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

THIS CAUSE came on for hearing on April 14, 1988, on this Court's Order to Show Cause entered on March 2, 1988, and on the Motion to Vacate Order to Show Cause filed by the respondents on March 30, 1988. The Order to Show Cause was entered directing respondents, Robert DeVoe and his attorney Pamela A. Schneider to appear and show cause why they should not be held in contempt for violating the automatic stay imposed by § 362 of the Bankruptcy Code. Ms. Schneider and Mr. DeVoe, through counsel, filed a response to the order to show cause and also moved to vacate that order. They have further sought the imposition of sanctions pursuant to Bankruptcy Rule 9011 against the debtors and/or their attorney for initiating the instant contempt proceedings in the first place. Having considered the matters set forth in the pleadings of the parties, the entire record in this case, the argument of counsel and the applicable authorities, we make the following findings of fact and conclusions of law.

■ These proceedings arise out of a Chapter 7 case filed by the debtors, Kerry and Janel Houchens on September 4, 1987. Shortly after the filing of the petition for relief, the debtors filed a motion pursuant

to § 522(f) of the Bankruptcy Code seeking to avoid as a judicial lien, an equitable lien imposed on their homestead pursuant to a final judgment entered by the Circuit Court in and for Alachua County, Florida, in the principal sum of $4,700.00. Hearing was held and the debtors' motion was denied, the Court having found the equitable lien to be superior to the debtors' homestead rights pursuant to Florida law. Thereafter, Mr. DeVoe through his attorney Ms. Schneider filed an action in the Circuit Court in Alachua County, Florida to foreclose the judgment lien on the debtors' home. Included in the prayer contained in the foreclosure complaint as filed was a request for a deficiency judgment should the proceeds of sale not be sufficient to pay all sums due to Mr. DeVoe.

As a result of the prayer for a deficiency judgment in Mr. DeVoe's foreclosure complaint, the Houchens moved for an order to show cause why Mr. DeVoe and Ms. Schneider should not be held in contempt for seeking to collect a dischargeable debt, and the Court entered its Order to Show Cause. The response of Mr. DeVoe and Ms. Schneider, which included an affidavit of Ms. Schneider, established that the inclusion of the request for deficiency judgment was completely inadvertent and unintentional on the part of Ms. Schneider and that immediately upon receipt of the Motion for Order to Show Cause, she prepared an amended complaint deleting the request for deficiency. She further contacted the debtors' attorney to advise her that such corrective action was being taken. Prior to the contempt motion being filed, the debtors' attorney made no effort whatsoever to contact Ms. Schneider or to bring to her attention the inappropriate prayer for relief in the foreclosure complaint. Ms. Schneider's affidavit set forth that had such been done, she would have corrected the problem immediately thus obviating the need for a contempt motion. These facts as set forth by Ms. Schneider are not contested by the debtors' attorney.

Ms. Schneider and Mr. DeVoe do not dispute the fact that by requesting the entry of a deficiency judgment, they technically violated the provisions of § 362(a)(1) which prohibits the commencement of an action to recover a claim against the debtor that arose before the commencement of the case. Their position is that such violation was unintentional and that it was corrected immediately upon the realization that such violation had occurred. They assert that the contempt motion was filed solely to harass Mr. DeVoe and his counsel and to increase their costs associated with this action.

■ Based on the affidavit of Ms. Schneider, it is clear that the violation of § 362 which has occurred was unintentional and was immediately corrected upon notification of the violation. Under these circumstances, contempt is a totally inappropriate remedy and as such the Order to Show will be vacated. *In re Wright*, 75 B.R. 414 (M.D.FL 1987). However, even though a creditor may not be held in contempt for inadvertent violations of the automatic stay, such creditors may still be held responsible for reasonable attorney's fees incurred by debtors in enforcing their rights under the Bankruptcy Code. *In re Conti*, 42 B.R. 122 (Bankr.E.D.VA 1984). Accordingly, the debtors may recover from Ms. Schneider and Mr. DeVoe a reasonable fee for such actions as were necessary to protect their interest in this case. It is the view of this Court that prior to initiation of any contempt proceedings, it is incumbent upon an attorney representing a debtor to first make some effort to resolve the problem presented by a creditor. In the instant case, it is clear that a simple phone call to Ms. Schneider would have resolved the problem completely and the parties would not have been required to go to the expense of dealing with this contempt motion. It should not have taken the Houchens' attorney in this case more a half an hour to fully resolve the problem had she simply picked up her telephone and made a call. Accordingly, we find that $50.00 is a reasonable fee to be awarded to compensate the Houchens for the violation.

■ That there was a technical violation of the stay and that the Houchens are entitled to recover some expenses related

thereto is not necessarily dispositive of the request for Rule 9011 sanctions. In some instances, even parties who may prevail in actions could be liable for fees if in bad faith they cause their adversaries to bear excessive costs. *In re TCI, Ltd.*, 769 F.2d 441 (7th Cir.1985). Bankruptcy Rule 9011, which is fashioned after Federal Rule 11 requires the signature of the attorney of record on every petition, pleading, motion and other paper served or filed in a case under the Code (Title 11 U.S.C.), with such signature to constitute a certification that "it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation." The rule mandates the imposition of sanctions on the attorney, the client, or both for violation of the certification. The background in the instant case convinces this Court that this Motion for Contempt was filed for the purpose of harassment or to increase cost to Mr. DeVoe. These parties have been in obviously bitter litigation since 1986 when Mr. DeVoe sued Mr. Houchens and obtained an equitable lien against Mr. Houchen's homestead. Shortly after Mr. DeVoe had prevailed in the state court, the Houchens came to this Court in an effort to utilize the provisions of the Bankruptcy Code to extinguish Mr. DeVoe's lien. They were unsuccessful in that endeavor before this Court. When Mr. DeVoe proceeded to enforce his rights under the judgment in state court, his attorney obviously and through oversight included in the complaint what is a standard prayer in virtually all foreclosure complaints. Rather than making any effort whatsoever to resolve the problem through direct communication with Mr. DeVoe's lawyer, the Houchens instead sought the extreme remedy of contempt in this Court. Given their total lack of efforts to resolve the matter short of a contempt proceeding, the Court is convinced that this proceeding was filed primarily to harass Mr. DeVoe and his attorney. Based on that finding, this Court is mandated pursuant to Bankruptcy Rule 9011 to impose sanctions. From the record, it would appear that both the debtors and the debtors' attorney should share equal responsibility for the filing of the contempt motion, and we are of the view that sanctions in the amount of $350.00 to compensate Mr. DeVoe for attorney's fees expended should be awarded. Against the $350.00, the Houchens will be entitled to offset the $50.00 which has been awarded to them in this proceeding. Thus, the debtors and their attorney will each be directed to pay to Mr. DeVoe the sum of $150.00 to be paid within fifteen (15) days from the date of entry of an order on this motion. A separate order shall be entered accordingly.