**Dean S. HAZEL, Debtor–Appellant,**

v.

**INTERNAL REVENUE SERVICE, Appellee.**

**Civ. A. No. 87–CV–72797–DT.**

United States District Court, E.D. Michigan, S.D.

Sept. 29, 1988.

Betty A. Ortner, Detroit, Mich., for debtor-appellant.

Ross I. MacKenzie, Asst. U.S. Atty., Mark E. Rizik, Special Ass't. U.S. Atty., Detroit, Mich., for appellee.

**OPINION AND ORDER AFFIRMING ORDER OF BANKRUPTCY COURT DENYING PLAN OF CONFIRMATION AND DISMISSING PETITION IN BANKRUPTCY**

DUGGAN, District Judge.

On June 16, 1986, debtor-appellant Dean S. Hazel filed a petition in bankruptcy and a proposed Chapter 13 bankruptcy plan, which sought discharge of federal tax liabilities. Appellee, the United States of America, filed a Notice of Objection to confirmation of Chapter 13 Plan on August 11, 1986, arguing *inter alia* that the plan had not been proposed in good faith as required by 11 U.S.C. § 1325(a)(3) of the Bankruptcy Code. In an opinion and order dated December 19, 1986, (See *In the Matter of Hazel,* 68 B.R. 287 (Bkrtcy.Ed.Mich.1986)), Bankruptcy Judge Ray Reynolds Graves denied confirmation of Hazel's plan and dismissed the petition in bankruptcy. Ap-

pellant's Motion for Reconsideration was denied on February 4, 1987, and this appeal followed.

The sole issue raised on appeal is whether the bankruptcy judge's finding that the debtor's plan was not proposed in good faith is clearly erroneous.

Appellant Dean Hazel is a self-described "Tax Protester." At the hearing on confirmation in the bankruptcy court on October 29, 1986, Mr. Hazel testified that it is his belief that wages are only taxable to the extent they represent a profit. He stated that his wages are exchanged equally for his labor and are thus not taxable. Appellant Hazel failed to file income tax returns for the years 1978 through 1985. In 1980, he filed an invalid return in which he deducted all of his wages as "Nontaxable Receipts," thereby reporting his total tax liability for 1979 as zero. Mr. Hazel also filed false withholding certificates with his employer for the years 1979, and 1980, in which he claimed exemptions from withholding.

The Chapter 13 Plan filed by Hazel on June 16, 1986, proposes to pay $99.00 per month to the trustee. The parties do not dispute the fact that if the plan is confirmed and the debtor pays $99.00 per month for a period of five years, the government will receive only 1% of its $33,-000 claim, which represents general unsecured debt.

In his decision denying confirmation of the Chapter 13 plan, Judge Graves found that the plan "abuses both the spirit and purpose of Chapter 13" by allowing the debtor to use the plan to obtain "a discharge of federal tax liabilities which he never intended to pay." *In the Matter of Hazel*, 68 B.R. at 289. The court observed that despite his conviction in 1982 for filing false W-4 Forms with his employer in violation of 26 U.S.C. § 7205, appellant continued to file W-4 Forms in the same manner. The court found that appellant's conduct in failing to file valid income tax returns constitutes fraud and that appellant's refusal to cooperate with the Internal Revenue Service during the audits of his 1978, 1979 and 1983 taxable years is evidence of fraud:

> In essence, the debtor willfully failed to report any tax liabilities, purposefully prevented the collection of any taxes by the Internal Revenue Service, and ultimately filed a Chapter 13 petition in an attempt to have those unreported, unpaid liabilities discharged.

*Hazel* at p. 290.

The court denied confirmation of the plan holding that "it is bad faith pursuant to 11 U.S.C. § 1325(a)(3) to file a petition in bankruptcy and seek confirmation of a plan that discharges tax claims arising from the debtor's unlawful refusal to pay those taxes." *Id.* at 290.

The Sixth Circuit in *In re: Caldwell*, 851 F.2d 852, 858 (6th Cir.1988) recognized that a bankruptcy court's finding that a debtor's plan was not proposed in good faith, is a finding of fact subject to the "clearly erroneous" standard of review. The Caldwell Court set forth an extensive list of factors for a court to consider in determining a debtor's good faith under 11 U.S.C. § 1325(a)(3):

> (1) the amount of the proposed payments and the amount of the debtor's surplus;
>
> (2) the debtor's employment history, ability to earn and likelihood of future increases in income;
>
> (3) the probable or expected duration of the plan;
>
> (4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;
>
> (5) the extent of preferential treatment between classes of creditors;
>
> (6) the extent to which secured claims are modified;
>
> (7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;
>
> (8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and

(11) the burden which the plan's administration would place upon the trustee.

*Caldwell,* at 859 (quoting with approval *In re: Estus,* 695 F.2d 311, 317 (8th Cir.1982)).

The above list was supplemented with the following four considerations:

[12] whether the debtor is attempting "to abuse the spirit of the Bankruptcy Code" is a legitimate factor to consider, [citation omitted],

[13] "good faith does not necessarily require substantial repayment of the unsecured claims," [citations omitted],

[14] the fact a debt "is nondischargeable under Chapter 7 does not make it nondischargeable under Chapter 13," [citation omitted], and

[15] the fact that a debtor seeks to discharge an otherwise nondischargeable debt is not *per se,* evidence of bad faith but may be considered as part of the totality of the circumstances analysis, [citation omitted].

*Caldwell* at 859–860.

The above list is illustrative of the Sixth Circuit's recognition that a debtor's good faith must be determined by examining the "totality of the circumstances."

In the present case it is clear that the bankruptcy court considered many of the factors set forth in *Caldwell* to reach the conclusion that appellant's plan was not filed in good faith. Judge Graves found that the debt sought to be discharged arose out of the illegal and fraudulent conduct of the debtor and that such debt is nondischargeable in Chapter 7. Judge Graves found that appellant willfully failed to report any tax liabilities, thwarted the attempts of the Internal Revenue Service to collect any taxes, and then filed a Chapter 13 petition in order to obtain a discharge of those liabilities. Further, the court con-

cluded that the debtor is attempting 'to abuse the spirit of the Bankruptcy Code' by proposing a plan which would, in effect, discharge all but a miniscule portion of a debt that accrued through appellant's willful acts and with the intent that such debt would never be paid.

The bankruptcy court examined all of the facts and determined that appellant's plan was not proposed in good faith. Such determination is not clearly erroneous and is hereby affirmed. Now therefore,

IT IS HEREBY ORDERED that the Order of the Bankruptcy Court dated December 19, 1986, denying plan of confirmation and dismissing petition in bankruptcy be and the same is hereby affirmed.