### In re William M. THOMASON and Katherine R. Thomason, Debtors.

### Bankruptcy No. 93–07016.

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

Aug. 24, 1993.

Banks T. Smith, Dothan, AL, for creditor.

Anton J. Pecora, Tallahassee, FL, for debtor.

Ronald A. Mowrey, Tallahassee, FL, trustee.

### ORDER GRANTING CREDITOR'S MOTION FOR SANCTIONS

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE is before the Court on the motion of Associates Services Company of Alabama, Inc. ("Associates"), a creditor in the above styled case, seeking the imposition of sanctions against the Debtors and their attorney, Anton J. Pecora ("Pecora"), for bringing forth a motion to avoid a lien under 11 U.S.C. § 522(f)(2)(A). At the conclusion of the hearing on the Debtors' motion to avoid a lien held July 8, 1993, the attorney for Associates, Banks T. Smith ("Smith"), reiterated his motion for sanctions contained within his response to the Debtors' Motion to Avoid Lien. The Court granted leave to the Debtors to file a brief in response to Associates' Motion for Sanctions within 15 days, and to the Associates to file an affidavit detailing the fees and expenses incurred in defending the Debtors' motion within five days. The Court having now reviewed and considered the pleadings and other documents in the file finds the filing of the motion seeking the avoidance of the Associates' lien to be in violation of Bankruptcy Rule 9011. Accordingly, the Court grants the Associates' Motion for Sanctions and orders Pecora to reimburse Associates the reasonable fees and costs incurred in defense of the motion.

In late December 1992, Smith telephoned Pecora and indicated that Associates held a purchase money security interest in certain home furnishings purchased from Barrows Furniture Store in Dothan, Alabama in August 1991. Pecora responded by asserting that Associates did not hold a purchase money security interest based on factual representations made to him by the Debtors. Smith forwarded Pecora a copy of the security agreement, which apparently is a standard form supplied by Associates, in January 1993. The security agreement, executed by the Debtors on or about August 3, 1991, states that the Debtors agreed to purchase a sofa, a recliner and two end tables from Barrows Furniture for $1,165.07. The security agreement further states that the Debtors paid seven cents as a down payment with the unpaid balance to be repaid in 48 equal monthly installments including 18% per annum interest beginning September 18, 1991. Pecora sent a letter reiterating his position, presumably after reviewing the Associates' security agreement, on January 29, 1993. A motion to avoid Associates' lien was filed on March 23, 1993.[1]

Following the creditor's response to the motion to avoid and a reply filed by the Debtor, Smith filed a motion to hold a telephonic hearing on the matter to avoid the time and expense of holding a court hearing in Tallahassee, Florida. Pecora filed a response in opposition to the motion for a telephonic hearing based on representations that parties-in-interest would be prejudiced by holding a hearing in this manner, and that Pecora needed a court hearing to present witness testimony. The Court subsequently denied Associates motion based on Pecora's representations.

Associates argues simply that the Debtors' motion lacks any legal basis, and therefore, is sanctionable under Rule 9011. The Debtors' argument against the imposition of sanctions largely rests on Pecora's assertion that he

---

**1.** The Debtors filed a petition seeking relief under Chapter 7 on January 14, 1993. It should be noted that the Debtors' petition included a Schedule F reflecting the Associates obligation as an unsecured, non-priority claim in the amount of $1,100, and a Schedule B indicating the furniture involved in this action was worth $195 as of the date of filing.

acted in good faith in filing the motion following Smith's alleged refusal to negotiate an amicable settlement.

■ Rule 9011 addresses sanctions and reads in relevant part:

The signature of an attorney or a party constitutes a certification that the attorney or a party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law . . . If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document . . .

A court must impose sanctions if it finds that a party has violated Rule 9011. *In re KTMA Acquisition Corp.,* 153 B.R. 238, 268 (Bankr. D.Minn.1993). The rule is not intended to deter an attorney's enthusiasm or creativity in pursuing factual or legal theories, but rather, to deter and punish those parties responsible for bringing forth meritless actions which result in needless litigation delay and expense. *Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir.1987). In general only those actions without any factual or legal basis whatsoever are sanctionable. *Davis v. Carl,* 906 F.2d 533, 537 (11th Cir.1990).

■ Rule 9011 incorporates an objective standard for the imposition of sanctions which focuses on whether a party has made reasonable inquiry into the facts and law before filing the document. *Donaldson,* 819 F.2d at 1556. The key to this analysis is an evaluation of the signer's conduct based on what was reasonable to believe at the time of the document's filing. *Id.* The language of the rule clearly stresses the need for a pre-filing inquiry into both the factual and legal bases supporting the filed document.

■ Review of this case clearly reveals a lack of any investigation into the legal basis of the motion to avoid at any time by Pecora. The motion to avoid Associates lien was essentially predicated upon the assertion that a lender providing money for the purchase of goods cannot be the holder of a purchase money security interest unless the lender is also the seller of the goods. This assertion is not a correct statement of the law, and in this Court's opinion, could have been easily determined by even a cursory legal investigation.

■ Section 9–107 of the Uniform Commercial Code [2] defines a purchase money security interest as a security interest that is "taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used." Thus, a purchase money security interest is created when a lender makes available the resources to enable the debtor purchase goods and takes a security interest in the goods so acquired. In this case there is no question that Associates has a purchase money security interest in the furniture identified in its security agreement since it advanced the funds used to purchase the goods.

■ No amount of good faith is sufficient to overcome an attorney's duty to investigate the law before filing a document. An empty head but pure heart is no defense. *Thornton v. Wahl,* 787 F.2d 1151, 1154 (7th Cir.1986). Counsel who places the burden of study and illumination of the law on the opposition or the court must be prepared to incur sanctions under Rule 9011. *Id.* In this case, it is clear that Pecora had not done any investigation of the law prior to his appearance in court. In addition, Pecora insistence of a hearing before this Court to present witnesses when no question of fact existed necessitated further needless expenditure of time and money by Associates and

**2.** Neither party made any argument at the hearing as to which state had jurisdiction over the transaction. The goods were purchased in Alabama, but apparently delivered to the Debtors at a Florida address. The Court need not rule whether Florida or Alabama had jurisdiction for both states have adopted § 9–107 without modification.

its counsel. Rule 9011 has been violated, and accordingly, sanctions must be imposed.

■ Rule 9011 is a flexible rule which grants a court discretion to fashion appropriate sanctions. In this case, the action was precipitated by Pecora's complete lack of investigation into the law governing purchase money security interests. The Debtors appear to have relied on the expertise and experience of Pecora in deciding to proceed with the motion. Therefore it is appropriate for sanctions to be imposed against only Pecora.

■ An additional point of clarification needs to be made in this case. Pecora has cited this Court's decision in *In re Houchens*, 85 B.R. 152 (Bankr.N.D.Fla.1988), as placing a special burden on debtor's counsel to resolve claims prior to litigation. The nugget of wisdom to be gleaned from *Houchens* is that any party who fails to take even the simplest measures to resolve litigation based on technical mistakes prior to coming to court risks sanctions. Failure to resolve disputes arising from technical errors without even talking to opposing counsel gives rise to an inference that the party is proceeding in the litigation with the intent to harass, delay or otherwise burden the opposition. This type of behavior constitutes an improper purpose under Rule 9011, and is therefore sanctionable. On the other hand, the Court finds no authority which finds sanctionable under Rule 9011 a party's unwillingness to negotiate a settlement when its position in the dispute is supported by established, clearly defined law.

Because the motion to avoid a lien under § 522(f) had no legal basis whatsoever, it is

ORDERED AND ADJUDGED that the creditor's Motion for Sanctions be, and hereby is granted. The Debtors' attorney, Anton J. Pecora, is ordered to remit to Associates Services of Alabama, Inc. the sum of $892.50 within 30 days of the entry of this Order.

DONE AND ORDERED.