**Ragan K. NELSON and Janell Nelson**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION.**

Civ. A. No. 93–0930.

United States District Court, W.D. Louisiana, Alexandria Division.

Oct. 5, 1993.

---

Wade N. Kelly, Carmouche Law Firm, Lake Charles, LA, for Ragan K. Nelson and Janell M. Nelson.

John A. Broadwell, U.S. Attorney's Office, R. Glenn Taylor, F.D.I.C., Shreveport, LA, David S. Klontz, Dept. of Justice, Washington, DC, for F.D.I.C.

**DECISION**

LITTLE, District Judge.

Ragan K. Nelson ("Nelson") and Janell Nelson (collectively "the debtors") brought suit in the United States Bankruptcy Court against the Federal Deposit Insurance Corporation ("FDIC") for reputational injury that allegedly occurred when FDIC filed suit against Nelson in violation of the bankruptcy court's discharge order. The debtors requested relief including: damages, attorneys' fees, costs, and equitable subordination of FDIC's claims in the debtors' Chapter 11 bankruptcy. After a hearing, the bankruptcy court granted FDIC's motion for summary judgment. For the reasons that follow, this court affirms the bankruptcy court's judgment.

I.

Nelson was a former director of First Bank, Pineville, Louisiana ("First Bank"). First Bank was declared insolvent in December 1989, and FDIC was thereafter appointed receiver. Substantial loans made by First Bank to the debtors were sold or assigned to FDIC in its corporate capacity. On 1 May 1990, the debtors filed a Chapter 11 bankruptcy petition. A plan of reorganization was ultimately confirmed and the debtors obtained a discharge of their prepetition debts.

On 7 December 1992, FDIC filed suit in the United States District Court against Nelson and other former directors and officers of First Bank for gross negligence and breach of fiduciary duty. On 20 January 1992, the debtors responded by filing the instant lawsuit in the United States Bankruptcy Court, alleging that FDIC's claims against Nelson violated the bankruptcy court's discharge order. The debtors requested relief including: damages for reputational injury, attorneys' fees and costs associated with defending FDIC's district court suit, and equitable subordination of FDIC's claims in the debtors' Chapter 11 bankruptcy.

Apparently realizing its error, FDIC immediately sought to dismiss all claims it filed against Nelson in the district court.

Nelson's counsel, however, refused to sign a joint stipulation of dismissal. FDIC then sought leave of court to obtain Nelson's dismissal, which was opposed by counsel for Nelson. On 5 March 1993, the district court granted FDIC's motion to dismiss all claims against Nelson, with prejudice, pursuant to Fed.R.Civ.P. 41(a)(2). FDIC then moved for summary judgment of the debtors' claims in bankruptcy court. After a hearing, the bankruptcy court granted FDIC's motion on 12 April 1993. The debtors timely appealed.

## II.

In reviewing a grant of summary judgment, this court applies the same standard as the bankruptcy court. *See Carriers Container Council, Inc. v. Mobil S.S. Ass'n*, 896 F.2d 1330, 1337 (11th Cir.1990); *see also Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 97 (5th Cir.1993) (de novo review of grants of summary judgment). Specifically, summary judgment is appropriate only if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

As an initial matter, this court assumes, *arguendo*, that pursuant to 11 U.S.C. § 106(b), the debtors' claim for damages, attorneys' fees and costs—which, in the aggregate, must be asserted as an offset[1] to FDIC's claims against the debtors' bankruptcy estate—is not barred under the doctrine of sovereign immunity. *See Anderson v. FDIC*, 918 F.2d 1139, 1143–44 (4th Cir.1990) (By asserting a claim against the estate, "the FDIC waived the protections it otherwise enjoys, both under the doctrine of sovereign immunity and under the Tort Claims Act."); *but see TPI Int'l Airways, Inc. v. FAA*, 141 B.R. 512 (Bankr. S.D.Ga.1992) (defense of sovereign immunity not waived as to claims for discretionary functions). Similarly, the court assumes, *arguendo*, that pursuant to 11 U.S.C. § 106(c), the debtors' claim against FDIC

for equitable subordination is not barred under the doctrine of sovereign immunity. *See United States v. Nordic Village*, 503 U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992).

Turning now to the debtors' claims, this court finds summary judgment appropriately granted. The crucial facts are not in dispute. FDIC mistakenly included Nelson's name on a complaint against the former directors of First Bank and quickly attempted to remedy the mistake. These attempts were thwarted by Nelson's own counsel. Allegations of resultant reputational injury, although purely speculative, should be redirected accordingly. Moreover, attorneys' fees and costs would have been minimal had it not been for the arguably self-interested tactics of Nelson's counsel. The bankruptcy court has discretion to deny an attorneys' fees award in such situations. *See In re Anderson*, 936 F.2d 199, 204 (5th Cir.1991) (describing equitable powers of bankruptcy court); *see also In re Houchens*, 85 B.R. 152, 154–55 (Bankr.N.D.Fla.1988) (attorneys' fees awarded for inadvertent violation of the automatic stay offset by sanction imposed for bad faith failure to call attention to error). Finally, equitable subordination is wholly inappropriate in a case, such as this, where it is clear no fraudulent or inequitable conduct has occurred. *See In re Missionary Baptist Found.*, 818 F.2d 1135, 1143 (5th Cir.1987).

The judgment of the Bankruptcy Court is AFFIRMED.

---

1. Section 106(b) provides that by filing a claim in bankruptcy, the federal government waives its sovereign immunity as to all claims that could be asserted as permissive counterclaims thereto. Damages imposed against the government pursuant to § 106(b) are set off against, and thus cannot exceed, the government's claim against the bankruptcy estate. *Graham v. United States (In re Graham)*, 981 F.2d 1135 (10th Cir.1992).