**In re Robert S. MATHEWS, Debtor.**

**UNITED STATES of America, INTER-
NAL REVENUE SERVICE,
Plaintiff–Appellant,**

**v.**

**Robert S. MATHEWS, Defendant–
Appellee.**

**BAP No. 97–8014.**

United States Bankruptcy Appellate Panel
of the Sixth Circuit.

Submitted Feb. 27, 1997.

Decided June 16, 1997.

BANKR. P. 7052 which is made applicable to Contested Matters by FED. R. BANKR. P. 9014.  This

Memorandum will be published.

Glenn J. Melcher, U.S. Department of Justice, Tax Division, Washington, DC, for Appellant.

Robert S. Mathews, Akron, OH, for Appellee.

Before: LUNDIN, RHODES, and WALDRON, Bankruptcy Appellate Panel Judges.

## OPINION

The United States of America appeals bankruptcy court orders requiring turnover to the debtor of $697.40 received by the Internal Revenue Service after the debtor's bankruptcy petition pursuant to a prepetition levy on the debtor's wages. Compelling facts and a mistaken interpretation of the debtor's exemption rights require reversal of the bankruptcy court.

## I. ISSUE ON APPEAL

The issue is: Whether the bankruptcy court erred by ordering turnover to the debtor of wages received by the IRS after the petition pursuant to a prepetition levy?

## II. JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Northern District of Ohio authorized appeals to the Bankruptcy Appellate Panel for the Sixth Circuit and transferred this appeal to the BAP with the consent of all parties. The BAP has jurisdiction to hear this appeal from a final order of the bankruptcy court. 28 U.S.C. § 158(a). *See* 6th Cir. BAP LBR 8001–3(a).

The bankruptcy court's orders of November 12 and November 22, 1996 finally adjudicated the parties' rights in the $697.40 received by the IRS pursuant to its prepetition levy. *See Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) (a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment").

Findings of fact by the bankruptcy court are reviewed under the clearly erroneous standard. FED. R. BANKR.P. 8013. A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). Conclusions of law are reviewed *de novo. Mapother & Mapother, P.S.C. v. Cooper (In re Downs),* 103 F.3d 472, 476–77 (6th Cir.1996).

The sanction or remedy imposed by the bankruptcy court for violation of the automatic stay is reviewed for abuse of discretion. *California Employment Dev. Dep't v. Taxel (In re Del Mission Ltd.),* 98 F.3d 1147, 1152 (9th Cir.1996). A court may abuse its discretion when the exercise of discretion is premised on an erroneous conclusion of law. *Silverman v. Mutual Trust Life Ins. Co. (In re Big Rapids Mall Assocs.),* 98 F.3d 926 (6th Cir.1996).

## III. FACTS

The debtor is a tax protestor. The debtor filed a pro se Chapter 7 petition on September 6, 1996. The statements and schedules list the IRS as the only creditor with a claim of $46,928.

At the filing, the IRS had in place a continuing wage levy to the debtor's employer to collect prepetition taxes owed by the debtor. The IRS received the following monies under its wage levy:

| | | |
|---|---|---|
| 08/16/96 | $ 557.59 | |
| 08/23/96 | $ 555.94 | |
| 08/30/96 | $ 348.34 | |
| 09/06/96 | $ 516.37 | (Petition date is 09/06/96) |
| 09/13/96 | $ 697.40 | |
| Total | $2,675.64 | |

The debtor filed a "Motion for Return of Property" demanding return of the entire $2,675.64 collected by levy, or return of the $697.40 received by the IRS after the petition.

The bankruptcy court conducted a hearing on the debtor's motion. In typical tax protestor rhetoric, the debtor argued that the IRS levy was unlawful, that no valid federal statute required the debtor to file tax returns or to pay taxes and that the claims of the IRS were false, or at least dischargeable in bankruptcy.

By order filed November 12, 1996, the bankruptcy court directed the IRS to turn over to the debtor the September 13, 1996 levy in the amount of $697.40.

The IRS moved to alter or amend and sought a stay of the November 12, 1996 order. The IRS argued in the alternative that the $697.40 be turned over to the Chapter 7 trustee pending determination of the government's rights in that money. By order entered November 22, 1996, the bankruptcy court denied the IRS's motion, explaining "the trustee is not entitled to the funds at issue, as they appear to be exempt as claimed by the debtor in his petition."

The IRS appealed both the November 12 and November 22 orders. Before transfer of this appeal to the BAP, the District Court for the Northern District of Ohio stayed the bankruptcy court's turnover order.

## IV. DISCUSSION

The statutory basis for the return to the debtor of the $697.40 is not specified. Without saying so, the bankruptcy court's order of November 12, 1996 seems to treat turnover of the $697.40 as a sanction or remedy for violation of the stay by the IRS.[1] The November 22, 1996 order states that the debtor's exemption claim was dispositive of entitlement to the money.

### A. Sanction or Remedy for Stay Violation

At the October 30, 1996 hearing on the debtor's motion, the bankruptcy judge stated, "I'm not going to issue sanctions against the government." The meaning of "sanctions" in this context is ambiguous. The turnover order may have been perceived by the bankruptcy court as a remedy for violation of the automatic stay that was not also a "sanction." Such a remedy might be characterized as "actual damages" for purposes of 11 U.S.C. § 362(h) or as an exercise of the court's discretion to remedy a stay violation when § 362(h) does not apply.

■ Return of the $697.40 to the debtor cannot be supported as an award of damages under 11 U.S.C. § 362(h). Section 362(h) provides:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h).

■ To recover damages under § 362(h), the debtor must prove (1) that the violation of the stay was "willful"; and (2) that the individual seeking damages was actually injured by the violation of the stay. *See Archer v. Macomb County Bank,* 853 F.2d 497, 499–500 (6th Cir.1988) (section 362(h) "requires a finding of actual injury."); *Kolberg v. Agricredit Acceptance Corp. (In re Kolberg),* 199 B.R. 929, 933 (W.D.Mich.1996) (to award *damages* under § 362(h), the court must find a willful violation of the automatic stay).

There was no finding by the bankruptcy court of willfulness for purposes of § 362(h). There was no evidence at the hearing of willful misconduct by the IRS. There was no finding by the bankruptcy court that the debtor was actually damaged by any violation of the stay.[2]

---

**1.** On this appeal, the government attacks the remedy ordered by the bankruptcy court but does not challenge the underlying assumption that receipt of the $697.40 on September 13, 1996, however "inadvertent" or "non-willful," was a violation of the automatic stay. *See* 11 U.S.C. § 362(a)(6). We indulge the same assumption and address only the propriety of the bankruptcy court's sanction or remedy.

**2.** As discussed below, the inference that the debtor suffered the loss of exempt property through the IRS's levy has never been measured against the government's rights under 11 U.S.C. § 522(c) that even exempt property remains liable during a bankruptcy case with respect to nondischargeable tax claims described in § 523(a)(1).

Turnover of the money to the debtor may have been the bankruptcy court's "remedy" for a violation of the stay when § 362(h) does not apply.[3] In this case, it was an abuse of discretion to order turnover to the debtor as a remedy distinct from § 362(h).

The debtor is an admitted tax protestor who conceded that he has not filed tax returns for many years. The only claim in this bankruptcy case is for unpaid taxes based on prepetition assessments by the IRS. No purpose for the filing of this bankruptcy case appears other than a tax protestor's effort to stop collection by the IRS. The debtor's assertion that the taxes owed are dischargeable is inconsistent with the debtor's unrestrained confessions before the bankruptcy court.[4] This is the kind of bankruptcy case that is often dismissed as an abuse of the bankruptcy process.[5] These facts will not support the bankruptcy court's "remedy" of turnover to the debtor.

## B. Exemption

The bankruptcy court's November 22 order denying the government's motion to alter or amend the order of November 12 premised turnover of the $697.40 on the debtor's claim of exemption in wages. There is a connection in the Bankruptcy Code between exemptions and the avoidance and recovery powers of a trustee[6] or of a

---

3. Remedies for "technical" or "inadvertent" violations of the stay have been approved by many courts on various theories. *See, e.g., Chase Lumber & Fuel Co. v. Koch (In re Koch)*, 197 B.R. 654, 660 (Bankr.W.D.Wis.1996) (violation of the stay was technical and appropriate sanction was return of money caught by garnishment); *In re Bennett*, 135 B.R. 72, 77 (Bankr.S.D.Ohio 1992) ("attorneys' fees may be awarded where there is a 'nonwillful' or inadvertent, violation of the automatic stay"); *Shimer v. Fugazy (In re Fugazy Express, Inc.)*, 124 B.R. 426, 429 n. 2 (S.D.N.Y. 1991) ("the court may even assess monetary sanctions even when there have been inadvertent violations of the automatic stay"); *In re Price*, 103 B.R. 989, 995–96 (Bankr.N.D.Ill.1989) ("court may impose monetary sanctions even for an inadvertent violations of the stay"), *aff'd*, 130 B.R. 259 (N.D.Ill.1991); *McLaughlin v. Fireman's Trust Mortgage Corp. (In re McLaughlin)*, 96 B.R. 554, 561–62 (Bankr.E.D.Pa.1989) (counsel who has to resort to court action for technical stay violation should recover some damages); *In re Houchens*, 85 B.R. 152, 154 (Bankr.N.D.Fla. 1988) (creditor not in contempt for inadvertent stay violation but responsible for reasonable attorney fees); *In re Davis*, 74 B.R. 406, 411 (Bankr.N.D.Ohio 1987) (award of attorney fees appropriate for technical violation of stay followed by court action); *Underwood v. DeLay (In re DeLay)*, 48 B.R. 282, 287 (W.D.Mo.1984) (attorney fee award for stay violation without actual injury).

4. The Bankruptcy Code permits but does not require the IRS to bring a complaint to determine dischargeability before it seeks collection from a taxpayer who has been a debtor in bankruptcy. 11 U.S.C. § 523(c). *See United States v. Ellsworth (In re Ellsworth)*, 158 B.R. 856, 858 (M.D.Fla.1993) (" '[T]ax liabilities covered by Section 523(a)(1) comprise a claim or debt of a kind which would not otherwise be discharged pursuant to Section 523(c)'.... The law is clear that failure to file a complaint for debts protected from discharge under Section 523(a)(1) does not affect the dischargeability or nondischargeability of the debt. Because the [IRS] was not required to file a complaint in order to preserve the debt from discharge, there was no basis for the Bankruptcy Court ... to impose sanctions."). The automatic stay interrupts the collection efforts of the IRS, except as provided in 11 U.S.C. § 362(b)(9). A motion by the IRS to "annul" the stay was pending but not decided by the bankruptcy court at the time of the turnover order here appealed. The outcome of that motion does not appear in the record.

5. *See In re Love*, 957 F.2d 1350, 1359 (7th Cir. 1992) (filing "to thwart the payment of an otherwise nondischargeable income tax debt arising from the unlawful failure to pay income taxes" is not proper use of bankruptcy); *Morimoto v. United States (In re Morimoto)*, 171 B.R. 85, 86 (9th Cir. BAP 1994) (bad faith filing based on debtor's failure to file income tax returns); *Schaffner v. IRS*, 95 B.R. 62, 65–66 (E.D.Mich.1988) (dismissal of case filed by a tax protestor who demonstrated an intent to evade paying taxes); *In re Paulson*, 170 B.R. 496, 499 (Bankr.D.Conn.1994) ("All courts that have addressed the specific issue ... have concluded that the use of Chapter 13 by so-called tax protesters in an attempt to discharge their federal tax liabilities amounts to an unfair manipulation of the Bankruptcy Code."); *In re Hazel*, 68 B.R. 287, 290 (Bankr.E.D.Mich. 1986) ("[I]t is bad faith ... to file a petition in bankruptcy ... that discharges tax claims arising from the debtor's unlawful refusal to pay those taxes."), *aff'd*, 95 B.R. 481 (E.D.Mich.1988). *See also Industrial Ins. Servs., Inc. v. Zick (In re Zick)*, 931 F.2d 1124, 1128 (6th Cir.1991) (intention to avoid large single debt is a factor in dismissal of a Chapter 7 petition).

6. 11 U.S.C. § 522(g) provides in part:

(g) ... [T]he debtor may exempt under subsection (b) of this section property that the

debtor.[7] However, the bankruptcy court erred in its conclusion that the debtor's exemption compelled extraction of the $697.40 held by the IRS. 11 U.S.C. § 522(c) provides that property exempted by the debtor remains "liable" during the bankruptcy case for a nondischargeable claim for taxes described in § 523(a)(1).[8] The collision of the debtor's claim of exemption and the IRS's statutory right that exempt property remains liable during the case with respect to nondischargeable tax claims was not presented to or resolved by the bankruptcy court on the debtor's "Motion for Return of Property." No party has suggested that the bankruptcy court considered the debtor's "Motion for Return of Property" to be a dischargeability complaint under § 523(a)(1). The Chapter 7 trustee has not recovered any property from the IRS for purposes of § 522(g). The debtor has not alleged or commenced an avoidance action described in § 522(h). *See also* FED. R. BANKR.P. 7001 (adversary proceeding required to commence dischargeability or avoidance action). In this posture, and without consideration of § 522(c), it was error for the bankruptcy court to order turnover of the $697.40.

### V. CONCLUSION

The November 12 and November 22, 1996 orders of the bankruptcy court are reversed.

---

trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if
...
  (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
  (B) the debtor did not conceal such property; or
  (2) the debtor could have avoided such transfer under subsection (f)[(1)(B)] of this section.

7. 11 U.S.C. § 522(h) provides in part:

  (h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted

such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
  (1) such transfer is avoidable by the trustee under section 544, 545, 547, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
  (2) the trustee does not attempt to avoid such transfer.

8. 11 U.S.C. § 522(c) states in part:

  Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor ..., except—
  (1) a debt of a kind specified in section 523(a)(1) ... of this title.