*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 07b0013n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: SAINT TORRANCE a/k/a TORRANCE SMITH, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SAINT TORRANCE a/k/a TORRANCE SMITH, | ) | |
| | ) | No. 06-8090 |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CINCINNATI GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Western Division, at Cincinnati.
Bankruptcy Case No. 02-16796, Adversary Proceeding No. 06-01025.

Submitted: August 1, 2007

Decided and Filed: September 26, 2007

Before: LATTA, SCOTT, and WHIPPLE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Andrew L. Turscak, Jr., THOMPSON HINE, Cleveland, Ohio, for Appellee. Torrance
Smith, Cincinnati, Ohio, pro se.

_____

**OPINION**

_____

JOSEPH M. SCOTT, JR., Bankruptcy Appellate Panel Judge. Appellant Saint Torrance a/k/a Torrance Smith (the "Appellant"), proceeding *pro se*, appeals the bankruptcy court's order dismissing his complaint for damages and injunctive relief against Cincinnati Gas & Electric Company (the "Appellee"). For the reasons that follow, the bankruptcy court's order is AFFIRMED.

## I. ISSUES ON APPEAL

The issues before this panel are: (1) whether the bankruptcy court properly concluded that the debt complained of by the Appellant was a post-petition debt, and (2) if so, whether the bankruptcy court correctly ruled that a creditor's effort to collect a post-petition debt is not subject to, and therefore does not violate, §§ 366 and 524 of the Bankruptcy Code.[1] Additional issues have been raised by the Appellant that are not properly before this panel, but they nonetheless will be addressed in the "Discussion" section below.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") has jurisdiction to hear and decide this appeal. 28 U.S.C. § 158(b)(1). The United States District Court for the Southern District of Ohio has authorized appeals to the BAP, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). The dismissal of the Appellant's complaint is a final order as it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).

This panel reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *Adell v. John Richards Homes Bldg. Co. (In re John Richards Homes Bldg. Co.)*, 439 F.3d 248, 254 (6th Cir. 2006). "A finding of fact is clearly erroneous 'when although there is

_____

[1] The Bankruptcy Code is contained in 11 U.S.C. §§ 101-1330.

-2-

evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mathews (In re Mathews)*, 209 B.R. 218, 219 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)). Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination. *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001).

### III. FACTS

On September 11, 2002, the Appellant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. According to his Schedules filed with the petition, the Appellant owed an unsecured debt of $4,000 to the Appellee and was the record title owner of real property located at 2521 Rack Court in Cincinnati, Ohio (the "Rack Court Property"), the primary location of the disputed utility charges.

On September 13, 2002, two days after the bankruptcy petition was filed and pursuant to a foreclosure sale conducted prior to the filing, US Bank filed a petition for possession of the Rack Court Property with the Hamilton County Court of Common Pleas (the "State Court"). On October 23, 2002, US Bank filed a motion for relief from the stay with the bankruptcy court, which was granted on November 25, 2002. During this same time period, on November 7, 2002, the chapter 7 trustee filed notice of abandonment of the property.

On January 8, 2003, the Appellant obtained a discharge. The order discharged all dischargeable pre-petition debts owed by the Appellant, including but not limited to the scheduled debt owed to the Appellee.

Despite the trustee's abandonment of the property, the bankruptcy court's lifting of the automatic stay, and the bankruptcy court's grant of a discharge to the Appellant, US Bank did not record the transfer in ownership of the Rack Court Property until May 5, 2004–almost a year after receipt of an order from the State Court confirming the sale and ordering distribution of the sale proceeds. During this time, the Appellant resided at the Rack Court property and, according to his own testimony, collected rent from the other tenants.

On February 1, 2006, the Appellant initiated his complaint against the Appellee for injunctive relief and damages under various sections of the Bankruptcy Code. In the complaint, as amended, the Appellant alleged that a debt owed to the Appellee in the amount of $5,646.46 relating to the Rack Court Property was discharged in his bankruptcy case, but that the Appellee continued to attempt collection of the debt.

On July 21, 2006, the bankruptcy court entered an order granting in part the Appellee's motion to dismiss the Appellant's complaint. Remaining were two causes of action: one under Bankruptcy Code § 366 and another under Bankruptcy Code § 524. On September 19, 2006, the bankruptcy court granted the Appellant's motion for a continuance and rescheduled the trial.

The trial was conducted on October 2, 2006, and on October 3, 2006, the bankruptcy court entered an order dismissing the case in its entirety. On October 10, 2006, the Appellant filed a motion for an extension of time to file a notice of appeal. Although the bankruptcy court found that an extension of time would not accomplish the purpose for which the motion was filed and, for that reason, denied the Appellant's motion, the court granted the Appellant ten days from the date of its order to file a notice of appeal. The Appellant timely filed a notice of appeal on October 19, 2006.

## IV. DISCUSSION

The bankruptcy court's holding that the $5,646.46 debt owed by the Appellant to the Appellee accrued after the filing of the Appellant's bankruptcy petition is a finding of fact that is to be reviewed for clear error. *See United States v. Mathews (In re Mathews)*, 209 B.R. 218, 219 (B.A.P. 6th Cir. 1997). The documentary and testimonial evidence provided in the record on appeal clearly establish the validity of the bankruptcy court's finding. Copies of the utility bills provided by both parties indicate that at the time of the Appellant's bankruptcy, he owed a total of over $4,000 to the Appellee on three separate residential accounts. Mr. Dennis Hurtt, the Supervisor of Midwest Receivables for the Appellee, testified that upon notification of the Appellant's bankruptcy all three accounts were written off as uncollectible by the Appellee and were closed according to the company's standard protocol. On September 24, 2002, new post-petition accounts were created by the Appellee for the two meters at the Rack Court Property:

Acct. No. 5660-0077-40-1         2521 Rack Ct. Apt. 2 (the "Apartment Meter Account")

Acct. No. 3660-0077-22-2         2521 Rack Ct. (the "Main Meter Account")

The starting balance in both new accounts reflected only the requirement of a security deposit ($65 and $280 respectively) and did not include any of the Appellant's pre-petition balance. The Appellant does not dispute that the present balance of the Apartment Meter Account was incurred post-petition and, instead, challenges only the propriety of the charges in the Main Meter Account. The sum currently owed by the Appellant to the Appellee on the contested Main Meter Account consists entirely of fully documented utility charges and late fees accrued by the Appellant at the Rack Court Property since the filing of the Appellant's bankruptcy petition. All pre-petition debts were treated as discharged by the Appellee as required. The bankruptcy court's holding that the debt complained of by the Appellant is a post-petition debt is not clearly erroneous. Instead, the holding is entirely correct, and is affirmed.

The Appellant further argues that even if the utility debt is deemed to be post-petition indebtedness, any attempt by the Appellee to collect the debt is a violation of § 524 of the Bankruptcy Code. In pertinent part, § 524(a)(2) provides for an "injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). However, according to the clear statutory language of § 727(b), only "debts that arose before the date of the order for relief" are dischargeable, and thus only actions to collect those pre-petition debts are enjoined by § 524(a)(2). *Neier v. Neier (In re Neier)*, 45 B.R. 740, 743 (Bankr. N.D. Ohio 1985). An attempt to collect a post-petition debt is not subject to the strictures of § 524, and thus cannot be a violation of it. *See OakFabco, Inc. v. Am. Standard, Inc. (In re Kewanee Boiler Corp.)*, 297 B.R. 720, 732 (Bankr. N.D. Ill. 2003); *Millsaps v. United States (In re Millsaps)*, 133 B.R. 547, 552 (Bankr. M.D. Fla. 1991); *In re Harvey*, 88 B.R. 860, 862 (Bankr. N.D. Ill. 1988). The bankruptcy court's holding in this regard is affirmed.

Similarly, the Appellant argues that even if the utility debt is deemed to be post-petition indebtedness, the termination of his utility service for failure to pay the debt is a violation of the anti-discrimination provisions of § 366 of the Bankruptcy Code. In pertinent part, § 366(a) provides that a "utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the

debtor solely on the basis . . . that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due." 11 U.S.C. § 366(a). Once again, the relevant statutory language is clear that this section is applicable only to debts incurred "before the order for relief," and therefore does not apply to post-petition debts. Section 366 of the Bankruptcy Code does not prevent a utility from exercising any rights that it may have with regard to a post-petition default by a debtor, including but not limited to termination of service. *Hennen v. Dayton Power & Light Co.*, 17 B.R. 720, 723-24 (S.D. Ohio 2005); *see Begley v. Philadelphia Elec. Co.*, 760 F.2d 46, 49 (3rd Cir. 1985); *Demp v. Philadelphia Elec. Co. (In re Demp)*, 22 B.R. 331, 332 (Bankr. E.D. Pa. 1982); *In re Scearce*, 2005 WL 4030139 at * 1 (Bankr. S.D. Ohio August 15, 2005). To find otherwise is to provide a discharged debtor with complementary utility service for the remainder of his natural life. The bankruptcy court's holding in this regard is affirmed.

As for the suggestion of other issues, the Appellant seems to argue that the bankruptcy court erred in refusing to allow him to amend his complaint in order to assert a claim for a violation of § 362 of the Bankruptcy Code. But, there is no evidence in the record that the Appellant ever attempted to amend his complaint to include a § 362 claim, and even if such a claim were asserted, the protection of the automatic stay does not apply to the post-discharge collection attempts complained of in this case. Instead, such actions are governed by the permanent injunction of § 524, an issue properly pled and ruled upon by the bankruptcy court. The failure to include a claim under § 362 is not an issue before this panel.

The Appellant also appears to complain that the bankruptcy court erred by not allowing additional time for discovery in this matter. However, the Appellant failed to object to the time allowed for discovery by motion before trial, and he did not preserve that objection at trial. In any event, the record indicates that the bankruptcy court extended the time for discovery at the request of the Appellant, and postponed the trial date at his request. Furthermore, there is no evidence that the discovery period set by the bankruptcy court was unreasonable or that the Appellant was in any way prejudiced by the discovery process. The failure to provide additional time for discovery is not an issue properly before this panel because it was not preserved for appeal by the Appellant.

Lastly, the Appellant argues that the bankruptcy court erred in failing to adequately consider evidence that he was not the record title owner of the Rack Court Property during the period of non-

payment. Even so, the ownership of the property is not an issue properly before this panel because it does not bear upon the resolution of the claims brought by the Appellant. Once it was established that the debt complained of by the Appellant was post-petition indebtedness, the ownership of the property was a moot point. That is, any subsequent collection efforts or billing practices, regardless of their impropriety, were not within the province of the bankruptcy case. The bankruptcy court's holding did not foreclose the Appellant from bringing a state court action to resolve the ownership issue. In fact, the Appellant is currently litigating this claim in that forum. The proper ownership of the Rack Court Property is not an issue before this panel on appeal.

## V. CONCLUSION

The bankruptcy court did not err in finding that the debt owed by the Appellant to the Appellee was a post-petition debt, and thus resulted in no violation of §§ 366 or 524 of the Bankruptcy Code. The order appealed from is **AFFIRMED**.