In re Evelyn A. MORIMOTO, Debtor.

Evelyn A. MORIMOTO, Appellant,

v.

UNITED STATES of America, Appellee.

BAP No. HI–94–1174–RAsMe.

Bankruptcy No. 93–00833.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 22, 1994.

Decided Sept. 16, 1994.

Evelyn A. Morimoto, pro se.

Carol K. Muranaka, Honolulu, HI, for appellee.

Before RUSSELL, ASHLAND and MEYERS, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

This appeal arises from the bankruptcy court's granting of a motion to dismiss the debtor's Chapter 13 [1] bankruptcy case for bad faith. The motion was based, among other things, upon the debtor's failure to file federal income tax returns. We AFFIRM.

## I.  FACTS

The debtor, Evelyn A. Morimoto ("Morimoto"), filed a Chapter 13 bankruptcy petition on July 21, 1993. On August 23, 1993, Morimoto filed a proposed Chapter 13 plan.

The Internal Revenue Service ("IRS") filed a motion to dismiss the petition. The IRS' motion to dismiss asserted that the petition had been filed and prosecuted in bad faith for several reasons, including the fact that Morimoto had not filed any federal income tax returns for approximately 28 years prior to the filing of her bankruptcy petition.[2]

The IRS also filed an objection to Morimoto's proposed plan, and filed a proof of claim setting forth the IRS' determination of the amount of taxes due and owing by, and assessments made against, the debtor for the tax years 1982 through 1987.

Morimoto filed an objection to the IRS' proof of claim, contending that the proof of claim was fatally defective, both procedurally and substantively, under a variety of Bankruptcy and Internal Revenue Code statutes and rules.

---

1. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

2. The State of Hawaii joined the IRS' objections and asserted that Morimoto had similarly failed to file state tax returns.

The bankruptcy court heard the three pending matters (the IRS' motion to dismiss, the IRS' objection to confirmation of Morimoto's proposed plan, and Morimoto's objection to the IRS' proof of claim) over a series of four hearings.

At the fourth and final hearing on January 20, 1994, the bankruptcy court granted the IRS' motion to dismiss the Chapter 13 case. On January 26, 1994, the bankruptcy court entered its order granting the motion to dismiss with prejudice. Morimoto filed a timely notice of appeal.

## II. ISSUE

Whether the bankruptcy court abused its discretion in dismissing the debtor's Chapter 13 bankruptcy case with prejudice.

## III. STANDARD OF REVIEW

■ The Bankruptcy Appellate Panel ("BAP") reviews orders of dismissal for abuse of discretion. *In re Loya,* 123 B.R. 338, 340 (9th Cir. BAP 1991).

■ The BAP also reviews a finding of bad faith for clear error. *In re Eisen,* 14 F.3d 469, 470 (9th Cir.1994) (citing *In re Metz,* 820 F.2d 1495, 1497 (9th Cir.1987)). Furthermore, in determining bad faith, a bankruptcy court must review the "totality of the circumstances." *Eisen,* 14 F.3d at 470 (quoting *In re Goeb,* 675 F.2d 1386, 1391 (9th Cir.1982)).

## IV. DISCUSSION

■ From the record before us, Morimoto can clearly and simply be characterized as a "tax protester." As such, her position is heavily disfavored by courts as frivolous on appeal. *See Lonsdale v. U.S.,* 919 F.2d 1440, 1447–48 (10th Cir.1990) (plaintiff is a person subject to federal income tax, invalidating numerous other frivolous tax protester arguments); *Lovell v. U.S.,* 755 F.2d 517, 519 (7th Cir.1984) (all individuals, natural or unnatural, are subject to federal income tax upon their wages). None of the provisions of the Bankruptcy Code exempt a debtor from the requirements of the Internal Revenue Code that an individual must file federal income tax returns regarding any earned wages.

I.R.C. §§ 1–5 (1988); 11 U.S.C. §§ 101–1330; 5 *Collier on Bankruptcy* ¶ 1300.65[1] (15th ed.1993).

Morimoto does not deny that she earned wages over the tax years in question, or that she failed to file any federal income tax returns for the period 1982 through 1987 or, in fact, for the 28 or so years preceding the filing of her bankruptcy petition. On the contrary, according to the record, Morimoto's bankruptcy schedules reflect that she has been employed as an accounting clerk for the past 28 years and earns annual wages of approximately $25,350.00. Further, she admitted her failure to file any federal income tax returns for any of the tax years in question at her § 341(a) meeting of creditors.

The record further reflects that the bankruptcy court admonished Morimoto concerning the necessity to file tax returns in order to proceed with her bankruptcy case and her efforts to confirm a plan. The court urged Morimoto to submit tax returns in order to so proceed; in response, Morimoto produced ten years of unsigned tax returns. Only at the court's insistence did Morimoto finally submit *signed* returns. Based upon its review of these signed tax returns, the IRS informed Morimoto of its determination of the amount of taxes, including penalties and interest, that she owed for the years 1982 through 1992.

We note that Morimoto's appellate brief is virtually incomprehensible, as it merely consists of an exhaustive recitation of innumerable bankruptcy and federal tax statutes and rules. To the extent Morimoto's brief can be comprehended at all, the essence of her argument appears to be that the IRS' determination in its proof of claim of the amount of her tax liabilities was fatally defective, both procedurally and substantively, under the various statutes and rules cited in her brief. Given that Morimoto submitted ten years of signed tax returns to the court and by doing so acknowledged that she owes taxes to the IRS, we believe her position concerning the amount of taxes owed to be irrelevant to the issue before us.

Finally, the record reflects that despite various indications by Morimoto that she

might be able to propose a plan which provided for full payment of taxes, no such plan was ever forthcoming. Under the totality of the circumstances, therefore, we believe this appeal to be without merit and the bankruptcy court's order to be appropriate.[3]

### V. CONCLUSION

Under the totality of the circumstances described above, the bankruptcy court neither abused its discretion nor committed clear error in granting the IRS' motion to dismiss Morimoto's Chapter 13 case. Accordingly, we AFFIRM.

---

**3.** We accordingly need not address the IRS' alternative argument concerning the propriety of dismissal of Morimoto's case for failure to propose a confirmable plan.