In re Larry L. GREATWOOD, Debtor.

Larry L. GREATWOOD, Appellant,

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE; and Kathleen A. McDonald, Chapter 13 Trustee, Appellees.

BAP No. NV–95–1416–AsMeR.
Bankruptcy No. 94–20412–LBR.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 17, 1995.

Decided March 27, 1996.

---

Larry L. Greatwood, Henderson, NV, Appellant in pro per.

Bradford J. Barneys, Washington, DC, for Appellee, U.S.A.

Before:  ASHLAND, MEYERS, and RUSSELL, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

The debtor Larry L. Greatwood appeals an order of the bankruptcy court granting a motion of the United States to dismiss the debtor's Chapter 13 case for bad faith due to the debtor's failure to file federal income tax returns and failure to confirm his Chapter 13 plan. We find that the "Statements in Lieu of U.S. Income Tax Form 1040 or 1040NR" filed by the debtor did not constitute valid tax returns and affirm the bankruptcy court on that basis.

### STATEMENT OF THE FACTS

On February 3, 1994, Larry L. Greatwood filed a petition under Chapter 13 of Title 11 of the United States Code. Greatwood, a debtor in a previously filed Chapter 7 case, had been discharged of his debts other than those owed to the Internal Revenue Service for nonpayment of income taxes. Apparently, his purpose for filing the Chapter 13 case was to dispose of those debts. He contends he has none.

The United States Department of the Treasury–Internal Revenue Service filed a proof of claim for unpaid estimated federal income tax in March, 1994 for $41,121.20 (including interest and penalties). On October 25, 1994, the United States filed a motion to dismiss the case as a bad faith filing based upon the debtor's failure to file tax returns for 1992 and 1993 and the debtor's failure to confirm a Chapter 13 plan. The debtor opposed the motion and filed "Statements in Lieu of U.S. Income Tax Form 1040 or 1040NR" for the years 1984, 1987, 1988, 1989, 1990, 1991, 1992, and 1993. The statements revealed that Greatwood was born in Kansas and resided and worked in Nevada for the years in question. The statements included a "summary of the total income received" for each year, as follows:

| YEAR | INCOME |
|------|--------|
| 1984 | $ 5,050.00 |
| 1987 | 29,250.00 |
| 1988 | 31,182.00 |
| 1989 | 20,519.00 |
| 1990 | 20,826.38 |
| 1991 | 21,548.48 |
| 1992 | 1,920.00 |
| 1993 | 0.00 |

The bankruptcy court granted the motion to dismiss. The debtor timely appealed.

### ISSUE ON APPEAL

Whether the bankruptcy court erred in dismissing the debtor's Chapter 13 case where the "Statements in Lieu of U.S. Income Tax Form 1040 or 1040NR" filed by the debtor reflected that the debtor had no intention of paying federal income taxes.

### STANDARD OF REVIEW

■ Whether a tax return constitutes a valid tax return is a question of law reviewed de novo. See, United States v. Malquist, 791 F.2d 1399, 1401 (9th Cir.1986), cert. denied, 479 U.S. 954, 107 S.Ct. 445, 93 L.Ed.2d 394 (1986).

■ A bankruptcy court's finding of bad faith is a finding of fact reviewed for clear error. In re Eisen, 14 F.3d 469, 470 (9th Cir.1994). However, dismissal of a bankruptcy case for lack of good faith is a matter in the sound discretion of the bankruptcy court, In re Loya, 123 B.R. 338, 341 (9th Cir. BAP 1991), and is reviewed for an abuse of discretion. Loya, 123 B.R. at 341.

### DISCUSSION

■ Initially it should be noted that the order dismissing the bankruptcy case stated that the court "made its findings upon the record at the hearing," and those findings were incorporated into the order. However, the appellant did not furnish a transcript of the hearing, so this panel is unaware of the basis upon which the bankruptcy court granted dismissal of the case. (The two bases raised by the United States were bad faith for failing to file tax returns and failure to have the Chapter 13 plan confirmed.) This panel can, however, affirm on any basis in the record. In re Davis, 177 B.R. 907, 912 (9th Cir. BAP 1995). We find ample basis to affirm the dismissal of the case based upon the debtor's bad faith, evidenced by his failure to file federal income tax returns.

■ We first determine whether the statements in lieu of returns filed by the debtor

constituted valid tax returns. The titles of the statements suggest that they are not returns because they are submitted "**in lieu of** U.S. Income Tax Form 1040 or 1040NR." Moreover, it is clear on the face of the statements that they were not intended to constitute tax returns because their purpose was not to calculate the taxes owed. The statements demonstrate that the debtor is a tax protestor who denies that the wages he received were taxable. Greatwood, therefore, had no intention of paying income taxes.

In the statements filed by the debtor, he denied that he was a "U.S. resident living or working within any district, county, state, or land subject to the (imperial) taxation powers of the U.S." He denied that he was a "nonresident alien individual deriving any income from any source, including wages, from within the authority of the United States or from within the authority of any government or governments of any state or states definable as 'United States'." The debtor's statements further denied that Greatwood was a "nonresident alien individual engaged in a defined 'trade or business' within the 'United States' so as to owe a tax by consent."

In complete contrast to a tax return, the statements reflect that although the debtor had in some years substantial income, he owed no federal income tax. Each of the statements contained the following language:

> I deny I was a U.S. citizen or resident as as (sic) to be required to contribute to a U.S. federal government insurance or social scheme. I deny that the people of Nevada have granted authority to any official or branch or government of the State of Nevada to enter into any U.S. federally connected scheme so as to require the people of Nevada to pay a tax not under the warrant of law.

The debtor not only contended that he owes no income tax whatsoever, in his statements, he further claimed refunds for any amounts paid in error to the United States by his employer as withholdings. In total, Greatwood requested a $6,139.55 refund.

On these facts, the statements in lieu of returns were not submitted to inform the I.R.S. of the debtor's tax liability. Therefore, the statements did not constitute valid tax returns.

The second question to be answered is whether a Chapter 13 case may be dismissed for bad faith based upon the debtor's failure to file federal income tax returns. This court has recently decided a case substantially similar to this one, wherein a tax protestor's Chapter 13 case was dismissed for failing to file federal income tax returns. *In re Morimoto*, 171 B.R. 85 (9th Cir. BAP 1994).

In the *Morimoto* case, the debtor had been employed and earned wages during the years in question but failed to file federal income tax returns. Although the debtor contended in that case that she could propose a plan that would pay the income taxes in full, she did not file such a plan during the two months that she was a Chapter 13 debtor. The bankruptcy court consequently dismissed the case based upon bad faith and this panel affirmed that ruling.

Here, as in *Morimoto*, the debtor had been employed and earned wages for seven of the eight years in question. However, here, Greatwood had been in a Chapter 13 case for approximately nine months before the case was dismissed and during that time proposed no plan that would make any payment to the I.R.S. Instead of Greatwood acknowledging the taxes he owed, he contended that the I.R.S. owed him over $6,000 for withholding taxes paid to the I.R.S. by his employer.

Consequently, a finding that the debtor filed his Chapter 13 plan in bad faith would not be in error. Furthermore, dismissal of the bankruptcy case on that basis would not be an abuse of the bankruptcy court's discretion.

The bankruptcy court's dismissal of the Chapter 13 case could have been further based on the debtor's bad faith implied by the fact that the Chapter 13 plan did not propose any payment to creditors. "Chapter 13 was designed and enacted as a vehicle for voluntary repayment with future income through composition and/or extension of debts." *In re Warren*, 89 B.R. 87, 91 (9th Cir. BAP 1988). In determining whether a Chapter 13 plan was proposed in good faith, the intent of the debtor in proposing the plan

should be examined in light of the purpose of Chapter 13. *Warren,* 89 B.R. at 93.

In this case, Greatwood had previously discharged much of his debt through his Chapter 7 bankruptcy filing, and filed his Chapter 13 case to deal with the debt to the I.R.S. However, the debtor proposed no payment to the I.R.S., contending that he had no taxable income. Instead, the debtor filed a motion under § 505 of the Bankruptcy Code in hopes that the bankruptcy court would determine that the debtor had no liability to the I.R.S. To use the bankruptcy court solely as an alternative forum for the resolution of a tax dispute is not a proper use of the Bankruptcy Code. On that basis alone the bankruptcy court could have dismissed the case for bad faith in accordance with § 1307(c).

### CONCLUSION

Based on the foregoing the order of the bankruptcy court dismissing Greatwood's Chapter 13 case is affirmed.