**In re Kenneth Edward HOPKINS and Kathleen Leona Hopkins, Debtors.**

**Kenneth Edward HOPKINS and Kathleen Leona Hopkins, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**Bankruptcy No. BK–N–94–30224–GWZ.**

**No. CV–N–95–698–DWH.**

United States District Court, D. Nevada.

July 16, 1996.

---

Kenneth Edward Hopkins and Kathleen Leona Hopkins, Reno, NV, pro se.

Kathryn E. Landreth, United States Attorney, of counsel, Reno, NV, Loretta C. Argrett, Assistant Attorney General, Bernard J. Knight, Jr., Tax Division, Department of Justice, Washington, DC, for U.S.

## DECISION

HAGEN, District Judge.

Appellants Kenneth and Kathleen Hopkins appeal the bankruptcy court's dismissal of their Chapter 13 proceeding. This court has jurisdiction pursuant to 28 U.S.C. § 158(a) and affirms.

## BACKGROUND

On September 18, 1994, the Hopkinses filed a Chapter 13 bankruptcy petition. The United States filed an objection to the Chapter 13 plan, asserting proofs of claims by the Internal Revenue Service for tax deficiencies for the years 1989–91 and that the Hopkinses had failed to file income tax returns for the years 1992–93. Upon the order of the bankruptcy court, the Hopkinses filed tax returns for 1992 and 1993, indicating an amount of zero taxable income despite W–2 forms show-

ing substantial wages earned. They made a similar filing for 1994. The Hopkinses also filed an adversary proceeding against the United States, contending they had no income tax liability. The Honorable Bert M. Goldwater, United States Bankruptcy Judge, granted summary judgment in favor of the United States in that adversary proceeding, allowing the IRS's claims in full for the years 1989–91. Upon appeal, the Honorable Howard D. McKibben, United States District Judge, affirmed, finding the Hopkinses' challenges to tax liability to be frivolous.

The United States moved to dismiss the Chapter 13 petition on the grounds that the Hopkinses' failure to file proper income tax returns constituted bad faith. A hearing on the motion was held on September 27, 1995, before the Honorable Gregg W. Zive, United States Bankruptcy Judge. Following the hearing, Judge Zive issued an order dismissing the case. The Hopkinses timely appealed.

### STANDARD OF REVIEW

The court reviews the bankruptcy court's finding of bad faith for clear error. *In re Eisen*, 14 F.3d 469, 470 (9th Cir.1994), and reviews the dismissal of the bankruptcy case for an abuse of discretion. *In re Greatwood*, 194 B.R. 637, 639 (9th Cir.Bankr.1996).

### ANALYSIS

"A Chapter 13 petition filed in bad faith may be dismissed 'for cause' pursuant to 11 U.S.C. § 1307(c)." *Eisen*, 14 F.3d at 470. A determination of bad faith is made upon "the totality of the circumstances." *Id.*

Judge Zive's order dismissing the Hopkinses' proceeding does not state the reasons for the dismissal except that the dismissal was "for good cause shown." Although Judge Zive remarked at the hearing that he was concerned about both the withdrawal of certain funds from the Hopkinses' IRA account the day before they commenced their bankruptcy case and their failure to file proper income tax returns, Tr. at 12, the

parties address only the tax return issues. The transcript of the hearing reveals that Judge Zive agreed with Judge Goldwater that the Hopkinses' arguments claiming they owed no taxes had no merit. Tr. at 4. Hence, although Judge Zive did not expressly state that the Hopkinses acted in bad faith, the record clearly shows he concluded so. In any event, this court may affirm on any basis in the record, *Greatwood*, 194 B.R. at 639, and finds ample basis to affirm the dismissal on grounds of bad faith.

"None of the provisions of the Bankruptcy Code exempt a debtor from the requirements of the Internal Revenue Code that an individual must file federal income tax returns regarding any earned wages." *In re Morimoto*, 171 B.R. 85, 86 (9th Cir. BAP 1994). In *Morimoto*, the court found that a Chapter 13 petition was properly dismissed for bad faith where the debtor failed to file income tax returns until ordered to do so by the bankruptcy court. 171 B.R. at 86–87. Similarly, in *Greatwood*, the court upheld dismissal of a Chapter 13 petition on grounds of bad faith where the debtor filed, in lieu of tax returns, various statements indicating he had no intention of paying taxes. 194 B.R. at 639–40.

Generally, "whether a tax return constitutes a valid tax return is a question of law reviewed de novo." *Greatwood*, 194 B.R. at 639. However, in the adversary proceeding in this case, Judge McKibben already has found that the Hopkinses contentions that they are not liable for income tax are frivolous. Even if this court were not bound by that determination, the Hopkinses have offered no persuasive arguments to the contrary. They contend, "The Courts have recognized '0' returns as qualified returns." # 8 at 5. However, the opinions they cite address the adequacy of returns for purposes of criminal charges of failure to file income tax returns in violation of 26 U.S.C. § 7203. As explained in one of those opinions, the question of whether the returns are *frivolous* is a separate issue. *United States v. Kimball*, 896 F.2d 1218, 1220 n. 3 (9th Cir.1990). Un-

der the totality of the circumstances, the Hopkinses' filing of frivolous tax returns showing no intention to pay taxes does not distinguish them from the Chapter 13 petitioners in *Morimoto* and *Greatwood* whose petitions were dismissed for bad faith.

 In addition to the filing of frivolous tax returns, the Hopkinses' bad faith is implied by the following argument they make to this court:

> The purpose of the filing [of bankruptcy] was to suspend the seizure of property from the Hopkins' by the IRS until a hearing could be held. The Hopkins' thought the Bankruptcy court could determine if the taxes were legal and, if the taxes were lawful, then what would be a fair tax.

# 8 at 3. As stated in *Greatwood,* "To use the bankruptcy court solely as an alternative forum for the resolution of a tax dispute is not a proper use of the Bankruptcy Code." 194 B.R. at 641. The record shows that this is what the Hopkinses have done.

### CONCLUSION

In sum, it would not have been clearly erroneous to find that the Hopkinses filed their Chapter 13 proceeding in bad faith, nor did the bankruptcy court abuse its discretion in dismissing the case.

Accordingly, the bankruptcy court's dismissal of the above entitled Chapter 13 bankruptcy proceeding is **AFFIRMED.**