In re Richard Arthur EILERTSON and
Mildred Carlson Eilertson,
Debtors.

Richard Arthur EILERTSON and
Mildred Carlson Eilertson,
Appellants,

v.

UNITED STATES of America, Appellee.

No. 3:96–600–17BC.

United States District Court,
D. South Carolina,
Columbia Division.

March 31, 1997.

## ORDER

JOSEPH F. ANDERSON, Jr., District Judge.

This matter is before the court for review of the Magistrate Judge's Report and Rec-

ommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02.

 The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

This is an appeal from the United States Bankruptcy Court which granted the motion of the United States for dismissal of the appellants' bankruptcy case and adversary proceeding. After the appeal was noted, this case was automatically referred to a United States Magistrate Judge because the plaintiffs are both proceeding *pro se*. After a thorough and careful review of the record, the Magistrate Judge has filed a Report and Recommendation suggesting that the appeal be dismissed and that various procedural motions by the appellants be denied. Plaintiffs were advised of their right to file objections to the Report and Recommendation of the Magistrate Judge. On December 11, 1996, they filed a thirty-six page objection memorandum with the clerk.

While the Report and Recommendation and appellants' objections were pending before the court, the clerk reassigned the case from the Honorable Patrick Michael Duffy to the undersigned as part of the clerk's annual reassignment program designed to equalize the number of cases given to each United States District Judge. Thus the matter now appears ripe for review by this court.

As the Magistrate Judge's Report and Recommendation indicates, the appellant's filed a petition for bankruptcy under Chapter 11 and also filed an adversary proceeding against the United States and hundreds of other defendants, collectively referred to as "the enterprise." In the adversary proceeding, the appellants assert numerous claims, including a conspiracy against them arising out of the Third Amendment to the United States Constitution (prohibiting the quartering of soldiers during peace time). The United States moved before the bankruptcy court to dismiss the bankruptcy action based on the debtors' lack of good faith, because they, by their own admission, have not filed income tax returns for the years 1987–1994. The United States also filed a motion to dismiss the adversary proceeding for lack of proper service, failure to state a claim, lack of subject matter jurisdiction, and mootness (if the bankruptcy case were to be dismissed). After a hearing on these motions, the bankruptcy judge dismissed the bankruptcy case and the adversary proceeding. The bankruptcy case was dismissed for the lack of good faith arising out of the failure to file tax returns, and the adversary proceeding was dismissed due to the dismissal of the bankruptcy case and the failure to effect proper service.

As noted previously, plaintiffs took a timely appeal to this court. They also filed the following motions:

(1) "Emergency motion for injunction and relief from orders and demand for the waiver of sovereign immunity filed on 11–11–88";

(2) "Motion to Expedite Consideration of Petition for Extraordinary Writ";

(3) Motion for Denial of Appointment of Kenneth Starr in the Whitewater investigation; and

(4) Motion for appointment of counsel.

In a comprehensive Report and Recommendation, the Magistrate Judge suggests that the Bankruptcy Court's decisions should be affirmed and that all of the motions filed in this court should be denied. The Magistrate Judge had no difficulty in concluding that the bankruptcy judge correctly dismissed the proceeding for lack of good faith, noting that the plaintiffs candidly admit that they have not filed tax returns. As the Magistrate Judge observes, several bankruptcy courts have dismissed the cases holding that the debtors refusal to file income tax returns constitutes bad faith. With regard to the adversary proceeding, the Magistrate Judge has carefully combed the record and finds no evidence of proper service on the

defendant. Moreover, because the bankruptcy proceeding must be dismissed, the adversary proceeding must be dismissed as well. As to the related motions, the Magistrate Judge denied appellant's motion for appointment of counsel and recommended that the remaining procedural motion be denied as well.

In their lengthy objection memorandum, appellants take issue with virtually every phrase of the Magistrate Judge's Report and Recommendation, referring by page and line to various statements to the Magistrate Judge and then purporting to object to these statements. Unfortunately, however, the objection memorandum—though lengthy—is of little aid to the court in reviewing the legal principles upon which the Magistrate Judge relied. Despite its length, the objection memorandum does not adequately explain why the appellants' failure to file tax returns should be excused, nor does the objection memorandum point to documents in the record demonstrating that service has been properly accomplished. Additionally, the objection memorandum offers no support for the proposition that the Magistrate Judge's recommendations and order on the procedural motions should be overturned.

■■■ After carefully reviewing the record, the Report and Recommendation of the Magistrate Judge, and the appellant's objections thereto, the court is of the opinion that the Magistrate Judge's recommended disposition is correct. The appeal of the dismissal of the bankruptcy case and the adversary proceeding is hereby dismissed. The Magistrate Judge's denial of the motion to appoint counsel is affirmed. All remaining motions are denied and this action is hereby dismissed.

IT IS SO ORDERED.

## MAGISTRATE JUDGE'S ORDER AND RECOMMENDATION

McCROREY, United States Magistrate Judge.

This is an appeal pursuant to 28 U.S.C. § 158(a) from orders of the Honorable J. Bratton Davis, Chief Judge of the United States Bankruptcy Court for the District of South Carolina, granting the motions of the United States for the dismissal of the appellants' bankruptcy case and adversary proceeding. Appellants Richard Arthur Eilertson and Mildred Carlson Eilertson appeared *pro se* in their bankruptcy proceeding and also represent themselves in this appeal. The case was automatically referred to the undersigned pursuant to Local Rule 19.02(B)(2)(e). The appellants filed their brief on March 20, 1996. The brief of the United States was filed on April 4, 1996. The appellants filed a response to the brief of the United States on May 8, 1996. The record of the Bankruptcy Court, including a transcript of the bankruptcy hearing, has been submitted to this court. On May 22, 1996, the appellants filed the following motions:

1. "Emergency motion for injunction and relief from orders and demand for the waiver of sovereign immunity filed on 11-11-88";

2. "Motion to Expedite Consideration of Petition for Extraordinary Writ";

3. Motion for Denial of Appointment of Kenneth Starr in the Whitewater investigation; and

4. Motion for appointment of counsel.

Additionally, on November 12, 1996, the appellants filed a motion entitled "Affidavit and Request to Pay into the Registry of Court."

### 1. *Bankruptcy Proceedings*

The appellants filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Code. The appellants also filed an adversary proceeding in the bankruptcy case against the United States and hundreds of other defendants (whom they collectively refer to as the "Enterprise") in which they assert numerous claims, including a conspiracy against them that allegedly involves the provision of the Third Amendment to the Constitution which prohibits the quartering of a soldier in a house during peacetime without the owner's consent (apparently the appellants claim that their inability to evict or obtain rent owed from a tenant of theirs, an alleged drug dealer, violated their Third

Amendment rights). On October 10, 1995, the United States moved to dismiss the bankruptcy case based on the debtors' lack of good faith in filing their case, pursuant to 11 U.S.C. § 1112. The United States also argued that until the debtors file tax returns, no rational judgment can be made on the feasibility of any Chapter 11 plan filed by the debtors.' On October 10, 1995, the United States also filed a motion to dismiss the adversary proceeding because (1) the debtors failed to properly effect service upon the defendant, (2) the debtors failed to state a claim upon which relief can be granted, (3) the Bankruptcy Court lacked subject matter jurisdiction, and (4) the bankruptcy case should be dismissed, leaving the adversary proceeding moot. A hearing on the motion to dismiss, at which the appellants appeared and testified, was held on November 8, 1995. On November 14, 1995, in two separate orders, Judge Bratton Davis dismissed the appellants' bankruptcy case and the adversary proceeding. The bankruptcy case was dismissed pursuant to 11 U.S.C. § 1112 for a lack of good faith in filing. The adversary proceeding was dismissed due to the dismissal of the bankruptcy case and the failure of the appellants to effect proper service on the defendant United States.

2. *Discussion*

The United States argues that the Bankruptcy Court was correct in dismissing the appellants' bankruptcy case because of the appellants' lack of good faith based on their failure to file any federal income tax returns for the years 1987 through 1994. The appellants, in both their brief and their reply brief, fail to directly address the issue of lack of good faith. Instead they appear to argue that they should not have to pay federal income taxes because of a violation of their Third Amendment rights. They also appear to appear to argue that, because they were born in Massachusetts,[1] their case should be heard in the District of Massachusetts. Additionally, the appellants discuss at length certain alleged conspiracies committed by the so called "Enterprise." The appellants argu-

ments in their brief and reply brief simply do not pertain to the reasons for the dismissal of their bankruptcy case and thus are not addressed in this report and recommendation.

a. *Standard of Review*

A bankruptcy court's findings of fact are affirmed unless clearly erroneous. Its conclusions of law are reviewed *de novo*. *In re Bryson Properties, XVIII,* 961 F.2d 496, 499 (4th Cir.1992), *cert. denied,* 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 134 (1992).

b. *Good Faith*

The Fourth Circuit has held that petitions for protection under Chapter 11 must be filed in "good faith." *Carolin Corp. v. Miller,* 886 F.2d 693, 700 (4th Cir.1989). The decision to dismiss a bankruptcy case at the threshold because the filing is not in good faith, however, is one that should be exercised with great care and caution. *Id.* This involves the requirement "that both objective futility and subjective bad faith be shown in order to warrant dismissals for want of good faith in filing." *Id.* at 700–01. "Evidence of subjective bad faith in filing may tend to prove objective futility, and vice versa." *Id.* at 701.

Several bankruptcy courts have dismissed cases holding that the debtor's refusal to file income tax returns constitutes bad faith. *In re Burrell,* 186 B.R. 230 (Bankr.E.D.Tenn. 1995); *In re Paulson,* 170 B.R. 496 (Bankr. D.Conn.1994); *In re Crayton,* 169 B.R. 243, 245 (Bankr.S.D.Ga.1994) (failure to file tax returns is the "epitome of a lack of good faith on the part of Debtor and demands dismissal"); *Hazel v. I.R.S.,* 95 B.R. 481 (E.D.Mich. 1988), *aff'g In re Hazel,* 68 B.R. 287 (Bankr. E.D.Mich.1986). The Bankruptcy Appellate Panel of the Ninth Circuit, reviewing the dismissal of a bankruptcy case for bad faith in not filing tax returns, stated that a tax protestor's position "is heavily disfavored by courts as frivolous on appeal." *In re Mori-*

---

1. The appellants, who live in Williston, South Carolina, do not appear to dispute that they are residents of South Carolina.

*moto,* 171 B.R. 85, 86 (9th Cir.BAP 1994)[2]; *see also Lonsdale v. U.S.,* 919 F.2d 1440, 1447–48 (10th Cir.1990) (plaintiff is a person subject to federal income tax, invalidating numerous other frivolous tax protester arguments); *Lovell v. U.S.,* 755 F.2d 517, 519 (7th Cir.1984) (all individuals are subject to federal income tax upon their wages). Further, "none of the provisions of the Bankruptcy Code exempt a debtor from the requirements of the Internal Revenue Code that an individual must file federal income tax regarding earned wages." *Morimoto, supra.*

There is ample evidence to support the Bankruptcy Court's conclusion that the appellants' bankruptcy case filing lacked good faith. The appellants have not filed any federal income tax returns for the years 1987 through 1994. The Internal Revenue Service (I.R.S.) assessed income taxes for the years 1987 through 1991, estimated income taxes due for the years 1992 through 1994, and filed a proof of claim in the bankruptcy case in the amount of $276,046.66. The appellants do not dispute that they worked and earned wages over the tax years in question, or that they failed to file federal income tax returns for those years. Additionally, it is clear that the appellants have no intention at the present time to file tax returns for 1987 through 1994. During the bankruptcy hearing, Mrs. Eilertson, in response to the court's question as to whether she had any intent to file tax returns for 1987 through 1994, replied that she did not intend to file because under the Third Amendment she could not "be asked to produce any paper, answer any question, file any writing, because this is the one grievance that is intolerable for all free people." (Tr. 3). She further stated that "as soon as the I.R.S. grants our constitutional rights to support a drug dealer in our home, we would be very happy to file." (Tr. 4). Mr. Eilertson stated that his intention to file income tax returns was same as his wife's intention (Tr. 8–9).

Objective futility is shown in this case by both the appellants' bad faith in not filing their tax returns and the subsequent frustra-

tion in the ability to determine the feasibility of a plan until the returns are filed. Thus, under the *Carolin* standard, both objective futility and subjective bad faith have been shown. Therefore, the Bankruptcy Court properly dismissed the appellants' bankruptcy case.

### c. *Adversary Proceeding*

The appellants' adversary proceeding was also properly dismissed. There is no evidence, nor do the appellants appear to dispute, that the United States was properly served in the adversary action. See Fed. R. Bankr.P. 7004(b)(4). Additionally, there is no evidence that any of the persons or entities comprising "the Enterprise" were properly served in the adversary action.

### 3. *Motion for Preliminary Injunction and Motion to Expedite*

On May 22, 1996, the appellants filed a motion requesting an "emergency motion for injunction and relief from orders and demand for the waiver of sovereign immunity filed on 11–11–88." They have also filed a motion to expedite the motion for injunction. It appears that the appellants are requesting that this court issue an injunction relieving them from orders of the I.R.S. dated July 12, 1994 concerning the seizure of funds deposited in appellants' Savannah River Plant Federal Credit Union bank accounts.

The court is required to consider and balance four factors in determining whether to issue a preliminary injunction:

(a) plaintiff's likelihood of success in the underlying dispute between the parties; (b) whether plaintiff will suffer irreparable injury if the interim relief is denied; (c) the injury to defendant if an injunction is issued; and (d) the public interest.

*North Carolina State Ports Authority v. Dart Containerline Co., Ltd.,* 592 F.2d 749 (4th Cir.1979); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.,* 550 F.2d 189 (4th Cir.1977); *Fort Sumter Tours, Inc. v. Andrus,* 564 F.2d 1119 (4th Cir.1977); *see also*

---

**2.** Although *Morimoto* involves a Chapter 13 filing, the standard for a lack of good faith under Chapter 11 or Chapter 13 is similar. *In re Phoe-*

*nix Piccadilly, Ltd.,* 849 F.2d 1393, 1394 (11th Cir.1988).

*Burrell v. Letterlough,* 4 F.3d 984 (4th Cir. 1993) [Table] (four factor test applied by court in denial of injunction made in a bankruptcy appeal). In this case, the appellants are unlikely to be successful in their appeal, as discussed above. Therefore, both the motion for the injunction and the motion to expedite should be denied.

### 4. *Motion for Appointment of Counsel*

In their motion for appointment of counsel the appellants request that an attorney be appointed:

> to represent Petitioners in a hearing of their Petition as of Right for Redress of Grievances and a call-up and review of the underlying cases, and do thereby request that the Honorable Court in consideration of the complexity of the underlying cases appoint a duly qualified attorney who shall make oral argument in this court and who is knowledgeable about the statutes in Florida and about constitutional law as it pertains to citizens of the United States by birth in the Commonwealth of Massachusetts. Because the underlying cases allegedly involve the Florida Bar as a Wing of the Supreme Court, Petitioner's request the Honorable Court to consider whether it would be a conflict of interest for the attorney appointed to represent them to be a member of the Florida Bar in his own person. Petitioners further request this Court to consider whether to appoint an attorney of some national prominence who can resist the political pressures which may be applied to him in the conduct of his appointment.

(Motion for Appointment of Counsel, 1–2).

There is no provision in the Bankruptcy Code which either requires or allows the appointment of counsel for a debtor appealing an adverse ruling. *See Graham v. Lennington,* 74 B.R. 967 (S.D.Ind.1987). Although the court may, in its discretion, choose to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(d); *Smith v. Blackledge,* 451 F.2d 1201 (4th Cir.1971), the appointment "should be allowed only in ex-

ceptional cases." *Whisenant v. Yuam,* 739 F.2d 160 (4th Cir.1984). It is unclear whether the provisions under § 1915(d) for appointment of counsel apply to bankruptcy proceedings.[3] Further, in their motion for appointment of counsel, the appellants have not asserted that they are indigent. Even if 28 U.S.C. § 1915(d) applies to bankruptcy proceedings and the appellants were to show that they were indigent, review of this case reveals that there are no unusual circumstances which justify the appointment of counsel, nor will the appellants be denied due process if an attorney is not appointed.

### 5. *Appellants' Other Motions*

The appellants have also filed a motion to deny appointment of Mr. Kenneth Starr as special prosecutor in the Whitewater investigation. The appellants argue that Mr. Starr should be removed because he "may have a conflict of interest in the matter of executive privilege because he served as Solicitor General under the previous administration." Finally, in their motion entitled "Affidavit and Request to Pay into the Registry of Court", the appellants request that they be allowed to pay monies owed by them to Sears, Roebuck, and Company (Sears) into the registry of this court. In the motion, the appellants make certain allegations against Sears and request that the court hold their payments to Sears until these allegations are resolved. On November 15, 1996, the appellants submitted a check payable to "REGISTREY [sic] OF COURT U.S. DIST. COURT DIST. OF COLA. DIVISION" in the amount of one hundred seventy-five dollars ($175.00) (the "check"). These motions simply do not concern the matters pending in this appeal. The Whitewater investigation does not relate to this bankruptcy appeal. Further, although the appellants may have a dispute with Sears, this dispute is also unrelated to this appeal.

### CONCLUSION

The Bankruptcy Court properly found that the appellants' Chapter 11 bankruptcy case

---

**3.** The Supreme Court held that § 1915(a) (in *forma pauperis* statute) does not apply to bankruptcy cases, but did not decide whether § 1915(d) for appointment of counsel, applies to bankruptcy cases. *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).

should be dismissed because of the lack of good faith by the appellants because the appellants have refused to file federal tax returns for the years 1987 through 1994. The appellants' motion for an injunction and motion to expedite should be denied because they are unlikely to be successful on the merits in their appeal. The appellants have not shown unusual circumstances or lack of due process which justify the appointment of counsel. The appellants' motion to deny appointment of Mr. Starr and their motion to pay monies into the registry of this court are unrelated to this bankruptcy appeal. It is therefore,

Recommended that the appellants' appeal of their bankruptcy case and the adversary proceeding be dismissed.

Recommended that the appellants' "Emergency Motion for Injunction and Relief from Orders and Demand for the Waiver of Sovereign Immunity Filed on 11–11–88" be denied.

Recommended that the appellants' "Motion to Expedite Consideration of Petition for Extraordinary Writ" be denied.

Ordered that the appellants' motion for appointment of counsel be denied.

Ordered that the appellants' "Emergency Motion for Denial of Appointment of Mr. Kenneth Starr as Special Prosecutor in the So Called Whitewater Investigation, or in the Alternative Emergency Motion for Request for Recusal of Mr. Kenneth Starr as Special Prosecutor in the So Called Whitewater Investigation on Behalf of the Petitioners and We the People" be denied.

Ordered that the appellants' motion entitled "Affidavit and Request to Pay into the Registry of Court" be denied.

Ordered that the Office of the Clerk of Court, if it has not done so already, return the check to the appellants.

### ATTACHMENT

*Notice of Right to File Objections to Magistrate Judge's Report and Recommendation & The Serious Consequences of a Failure to Do So*

The parties are hereby notified that any objections to the attached Report and Rec-

ommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R.Civ.P. 72(b). The time calculation of this ten–day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed.R.Civ.P.6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. *Advance Coating Technology, Inc. v. LEP Chemical Ltd.*, 142 F.R.D. 91, 94 & n.3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 554–55, 46 L.Ed.2d 483 (1976); and *Estrada v. Witkowski*, 816 F.Supp. 408, 410 (D.S.C. 1993).

During the ten–day period, *but not thereafter*, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendations to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See *United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir.), *cert. denied, Schronce v. United States*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984); and *Wright v. Collins*, 766 F.2d 841, 845–47 & nn. 1–3 (4th Cir.1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505,

508–09 (6th Cir. 1991). See also *Praylow v. Martin*, 761 F.2d 179, 180 n.1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009, 106 S.Ct. 535, 88 L.Ed.2d 466 (1985). In *Howard, supra*, the Court stated that general, non–specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial references to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source the error.

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017–19 (7th Cir.1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir.1989)( "no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n.1 (3rd Cir.1984)( "plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See, *Wright, supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2d Cir.1989). Filing by mail pursuant to Fed.R.Civ.P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
1845 Assembly Street
Columbia, South Carolina 29201