F I L E D

**UNITED STATES COURT OF APPEALS**

DEC 20 2004

**TENTH CIRCUIT**

BARTLETT ELLIOTT,

     Plaintiff-Appellant,

v.

MARY E. MAY, Trustee; PHILIP J.
MONTOYA, Trustee; NORMAN H.
MEYER, JR., Acting Clerk of Court,

     Defendants-Appellees.

-------------------------------------------

BARTLETT ELLIOTT,

     Plaintiff-Appellant,

v.

BANK ONE; DM FEDERAL CREDIT
UNION; COMPASS BANK,

     Defendants-Appellees.

No. 04-2154
(D.C. No. CIV-04-426-BB/DJS)
(New Mexico)

No. 04-2165
(D.C. No. CIV-04-386-MV/WDS)
(New Mexico)

**ORDER AND JUDGMENT**[*]

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Bartlett Elliott, proceeding *pro se*, brings these appeals to challenge the dismissal of two separate civil actions.[1]  In one case, Mr. Elliott brought a civil rights action under 42 U.S.C. § 1983 against several private mortgage lenders for failing to refinance his home loan.  In his second action, Mr. Elliott sued two bankruptcy trustees and a federal district court staff member for negligence in permitting his bankruptcy petition to be filed.  Both of Mr. Elliott's actions were dismissed for failure to state a claim.  Mr. Elliott appeals.  We exercise jurisdiction under 28 U.S.C. § 1291, and liberally construe Mr. Elliott's filings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).  Nonetheless, we conclude the district courts were correct in dismissing Mr. Elliott's actions.  We therefore affirm.

**I**

In Mr. Elliott's § 1983 action, he sought relief from defendants Bank One, DM Federal Credit Union, and Compass Bank for refusing to refinance his home loan.  In his complaint, Mr. Elliott alleged that defendants' refusal resulted in the

terms and conditions of 10th Cir. R. 36.3.

[1]Mr. Elliott's two actions were filed and decided separately, and Mr. Elliott filed separate appeals.  For the ease of disposition, however, we have combined the appeals and address them both in this opinion.

violation of his "rights as guaranteed by the United States Constitution . . . that being the right to LIFE, LIBERTY, AND THE PURSUIT OF HAPPINESS." Rec., No. 04-2165, doc. 1 at 2. He also appeared to allege that he was being discriminated against by defendants because he was seeking to refinance his single-wide manufactured home. *Id.* at 3.

Defendants filed motions with the district court to dismiss Mr. Elliott's action for failure to state a claim, which the court granted. We review a district court's dismissal for failure to state a claim *de novo*. *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1153 (10th Cir. 2004). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). Having reviewed Mr. Elliott's complaint, treating as true all well-pleaded facts and drawing all reasonable inferences in favor of Mr. Elliott, *Housing Auth. of the Kaw Tribe of Indians of Oklahoma v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991), we agree with the district court that Mr. Elliott failed to state a claim upon which relief could be granted in his § 1983 complaint.

Pursuant to § 1983, Mr. Elliott must establish that defendants acted under color of state law and deprived Mr. Elliott of a federal or constitutional right. *See*

*Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000). Mr. Elliott has failed to do either of these things. First, Mr. Elliott has not shown in either his complaint or his filings on appeal that defendants, who are private entities, were acting under "color of state law." Nor has Mr. Elliott shown that defendants' denial of his request to refinance his home, which was allegedly based on discrimination against owners of single-wide manufactured homes, implicated rights protected by the Constitution or the laws of the United States. The district court therefore did not err in dismissing Mr. Elliott's § 1983 claim against defendant lenders.

## II

In Mr. Elliott's second action, he sued two bankruptcy trustees and a federal district court clerk for negligence in processing Mr. Elliott's Chapter 7 bankruptcy petition. In particular, he contended the trustees and clerk should have reviewed his petition prior to permitting him to file it, and from that review should have known Mr. Elliott would be unable to receive a Chapter 7 discharge. Mr. Elliott essentially contends defendants had a duty not to process his bankruptcy petition and should have refused to accept his $200 processing fee. Mr. Elliott also expresses great consternation that he was denied the opportunity to file his bankruptcy petition *in forma pauperis*.

On its own motion, the district court reviewed Mr. Elliott's complaint and

dismissed it for failure to state any claim against the named defendants. As with the dismissal of Mr. Elliott's § 1983 action, we review the district court's dismissal of the instant case under the same *de novo* standard, employing the same principles articulated above. *See Felix*, 387 F.3d at 1153; *Perkins*, 165 F.3d at 806; *Housing Auth. of the Kaw Tribe of Indians of Oklahoma*, 952 F.2d at 1187. The district court did not err in dismissing Mr. Elliott's negligence action.

First, our research has not uncovered any statutory or common law duty which requires a court employee, whether an official clerk of the court or a member of the court's staff, to review the proposed filings of litigants for accuracy or legal validity and, upon such review, determine whether the party can file the action. Second, the statutory duties assigned to bankruptcy trustees do not include a duty to shield petitioners from their own ignorance of the law, or to supervise court employees who receive bankruptcy filings. In *In re Castillo*, 297 F.3d 940 (9th Cir. 2002), the court outlined the duties of bankruptcy trustees. It noted that pursuant to 11 U.S.C. §§ 704, 1302, and 1304, a

> trustee is to gather and liquidate the property of the estate, to be accountable for the estate, ensure that the debtor performs his or her obligations, investigate the finances of the debtor, review the proofs of claim, and where appropriate, oppose the debtor's discharge, be available to provide relevant information to parties-in-interest, and by court order, operate the business on a short-term basis. The trustee also must prepare the final report and an accounting for the administration of the estate.

*Id.* at 949-951. Nowhere in this recital of a trustee's statutory duties is there a

requirement that a trustee ensure before an individual files his bankruptcy petition, either by her own review or by her supervision of court staff, that the petition is being appropriately filed. Therefore, Mr. Elliott failed to state a claim against the defendants for which relief can be granted.[2]

We **AFFIRM** the dismissals of Mr. Elliott's § 1983 and negligence actions.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[2]We clarify for Mr. Elliott that *in forma pauperis* petitions are not available in bankruptcy proceedings. *See United States v. Kras*, 409 U.S. 434, 439-40 (1973); *see also Eilertson v. United States* (*In re Eilertson*), 211 B.R. 526, 531 n.3 (D. S.C. 1997); *In re Lamb*, 206 B.R. 527, 528 (E.D. Mo. 1997).